ROY PARKER et al. v. STATE.

No. A-6463.   Opinion Filed July 3, 1929.
(279 Pac. 362.)

Criswell & Billingsley, for plaintiffs in error.

Homer H. Bishop, Co. Atty., for the State.

CHAPPELL, J.   The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Seminole county on a charge of unlawful possession of whisky mash fit for distillation into corn whisky and each sentenced to pay a fine of $50, and each to be imprisoned

in the county jail for 30 days. The motion for new trial being overruled, the case is now in this court on appeal.

It is only necessary to consider one question, and that is, Is the evidence sufficient to support the verdict of the jury? The state called, as witnesses, W. C. Montgomery and W. G. Nelms. These witnesses testified, in substance, that they found four barrels of mash in a small ravine about two miles from the home of the defendant Roy Parker; that this mash was ripe and ready to run. The witnesses waited near the mash until dark, when they saw two men approaching. When the men were within about 15 feet of one of the officers, he threw a flash-light in their faces and commanded them to halt. Immediately the men began to run and escaped from the officers. The officers found two caps supposed to have been dropped by the fleeing men. The next morning the officers went to the home of the defendant Parker and claimed to have followed tracks from the home of Parker back to the mash, but there was no showing that these tracks were the tracks of either one of the defendants, although the officers did testify that the defendants were the men who ran when they ordered them to halt. The officer Nelms testified as follows:

"Q. You don't know whether these 2 negro boys you saw there that night had anything to do with that mash? A. No, sir."

That, in substance, is all the evidence offered by the state. This mash being found in a small branch in an out of the way place, and, there being no evidence to show that these negro boys had any connection whatever with the mash, we are unable to see how there is any evidence to connect the defendants with the possession of the same. The fact that the defendants were crossing the field and

happened to come near the place where the mash was concealed was a suspicious circumstance. When the officers suddenly rose from behind the bank in the dark and threw a flash-light in the face of the defendant Chandler and commanded him to halt, the defendant used his legs and not his head and got out of there as fast as he could. The other defendant dived over the bank and disappeared in the darkness. Any one who knows a negro will readily understand that the defendants did the natural thing a negro would do under the circumstances—ran.

So long as county attorneys insist on prosecuting cases with no sufficient evidence as in this case, and so long as trial courts overrule demurrers to the evidence and motions for new trial on the ground of insufficient evidence, just so long will it be necessary for appellate courts to protect the liberty of defendants. These men are evidently two black farmer boys without friends or prestige, but their legal rights are as sacred before the law as the most powerful citizen in the state.

The cause is reversed, because there is no competent evidence tending to connect the defendants with the crime charged. The trial court is directed to dismiss the case.

EDWARDS, P. J., and DAVENPORT, J., concur.